IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2108-BO

JAMES WALTON HAMMOND, JR.,           )
                Petitioner,          )
                                     )
v.                                   )    O R D E R
                                     )
STATE OF NORTH CAROLINA,             )
                Respondent.          )

FILED
AUG 0 7 2008
DENNIS P IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

James Walton Hammond, Jr., ("petitioner" or "Hammond") petitioned this court for a writ of habeas pursuant to 28 U.S.C. § 2254. Respondent filed a motion for summary judgment to which Hammond responded. The matter is ripe for determination.

## Background

On March 23, 2005, in the Superior Court of Columbus County, petitioner was convicted of assault with a deadly weapon after a jury trial.[1] Petitioner was sentenced to seventy-five days in the custody of the Columbus Sheriff, suspended and a thirty-six month term of supervised probation. Petitioner represented himself.

After the trial, petitioner timely appealed to the North Carolina Court of Appeals. On June 6, 2006, the North Carolina Court of Appeals found no error in petitioner's criminal judgment. State v. Hammond, 177 N.C. App. 812, 630 S.E.2d 255, 2006 N.C. App. LEXIS 1143 (June 6, 2006) (unpublished). On July 6, 2006, petitioner filed a pro se petition for discretionary review in the Supreme Court of North Carolina seeking review of the North Carolina Court of Appeals' opinion finding no error. On August 17, 2006, the North Carolina Supreme Court

---

[1]This was the second jury trial on the charges of assault with a deadly weapon. On November 10, 2004, a jury was unable to reach a unanimous verdict, and the trial court declared a mistrial.

denied discretionary review. State v. Hammond, 360 N.C. 579, 636 S.E.2d 188 (Aug. 17, 2006) (unpublished). On December 18, 2006, petitioner submitted a pro se document to the Superior Court of Columbus County entitled "Motion for New Trial." The court did not issue an order as to that filing. On May 29, 2007, petitioner submitted a § 2254 petition to this court.

## Issues

Petitioner raises seven issues: 1) his rights were not read to him pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), at the time of his arrest or thereafter; 2) the trial court erred in denying his motion for change of venue; 3) the trial court erred in excluding evidence against one of the State's witnesses; 4) the trial court erred in denying his motion to dismiss at the close of State's evidence; 5) the trial court gave an erroneous jury instruction; 6) the trial court erred in not admitting certain exhibits; and 7) the trial court erred in allowing petitioner to represent himself.

## Statement of the Facts

The facts from petitioner's trial were found to be as follows in the North Carolina Court of appeals opinion.

> The State's evidence at trial tended to show the following facts. Jimmy Ward, Ward's wife, and Ward's sister-in-law own property located in Columbus County, North Carolina. Ward and his wife live in South Carolina, and they typically visit the Columbus County property approximately one weekend every four to six weeks. At some point, Ward and his wife learned that defendant had moved into a garage apartment on the Columbus County property without their permission or agreement. They allowed defendant to stay there for a period of time. Although defendant did not pay them any rent, he did send them "a little bit of money."
>
> Sometime in November 2003, when Ward's wife went to the apartment, defendant pushed her backwards and cursed at her. Because of defendant's actions, Ward asked defendant to leave the property. Although Ward and his wife also sent defendant letters insisting that he vacate the apartment, defendant did not

2

do so. Ward testified that a few days after he asked defendant
to leave, defendant began making false charges against Ward and
his family.

On 21 January 2004, while defendant was away, Ward placed a
padlock on the garage apartment. With the help of his friend,
David Johnson, and his brother, Ray Ward, he also attempted
to put a cable across the driveway to block defendant from
reaching the apartment. While they were installing the cable
and while Johnson was holding one end of it, defendant drove
up in his car. He stopped when he reached the cable, looked at
Johnson and Ward, stepped on the gas, and then drove his car
through the cable being held by Johnson. If Johnson had not
jumped back, he would have been hit by defendant's car.
Johnson's hand was cut by the cable.

Hammond, 177 N.C. App., 620 S.E.2d, 2006 N.C. App. LEXIS 1143, at *2 -*3.

## Discussion

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The Court's review of Hammond's claims is governed by 28 U.S.C. § 2254(d) which provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the Supreme
> > Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the
> > facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

3

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision "involve[s] an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The factual findings of the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Additionally, there is no requirement the state court specifically cite United States Supreme Court cases as long as the ultimate decision is not contrary to, nor involves an unreasonable application of clearly established federal law as determined by the Supreme Court. See Bell v. Jarvis, 236 F.3d 149, 157-158 (4th Cir. 2000); see also Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999); see also Weeks v. Anglone, 176 F.3d 249, 259 (4th Cir. 1999).

B. Miranda violation

Before the court examines the merits of petitioner's specific claim of Miranda violations, it must ensure that the petitioner fairly presented his claims to the North Carolina courts. State prisoners are required "to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1)(A). A federal petitioner has not exhausted state court review so long as he maintains "the right under the law of the State to raise [in state court] by any available procedure, the question presented." 28 U.S.C. § 2254(c). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete

4

round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Nevertheless, a claim that has not been adequately presented to the state courts "may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner now attempted to present it. . ." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). A claim treated as exhausted and consequently procedurally defaulted because it would now be procedurally barred in state court can overcome the default if the petitioner can demonstrate cause and actual prejudice and/or a miscarriage of justice. Baker, 220 F.3d at 288 (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner did not raise his claim regarding the failure to have his Miranda rights read to him at the time of his arrest or thereafter. The claims were not raised on direct appeal and there was no properly filed MAR.

If Petitioner now filed a MAR in state court raising these claims, the claims would be barred by the state court under North Carolina's mandatory, and adequate and independent, procedural bar state. N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b) (2000); Rose v. Lee, 242 F.3d 676, 683 (4th Cir.) (holding § 15A-1419 is mandatory), cert. denied, 534 U.S. 941 (2001); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review), cert. denied, 525 U.S. 1155 (1999); McCarver v. Lee, 221 F.3d 583, 588-589 (4th Cir. 2000) (holding § 15A-1419(a)(3) is an independent and adequate state procedural bar that is consistently and regularly applied even in "the special case" of ineffective assistance of counsel claims). Further, petitioner

5

has failed to show any cause or prejudice. Accordingly, the claim is procedurally defaulted and the court is precluded for considering the merits.

C. Change of Venue

A change of venue is constitutionally required only when the jury pool is tainted "by so huge a wave of public passion" that the impaneling of an impartial jury is impossible.[2] Irvin v. Dowd, 366 U.S. 717, 728 (1961). A juror who has been subject to pre-trial exposure may still be impartial. In Irvin, the Supreme Court stated:

> It is not required, however, that the jurors be totally ignorant of the facts and issues involved. In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.

366 U.S. at 722-23.

There is no evidence before the court that the impaneling of an impartial jury was impossible. Hammond is unable to show that the decision by the Court of Appeals regarding the alleged venue claim was contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States in Irvin.

---

[2] The court notes that the appeal and decision thereto were couched in terms of state law. However, this does not preclude the court form reviewing the claim. See Bell v. Jarvis, 236 F.3d 149, 157-158 (4th Cir. 2000); see also Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999); see also Weeks v. Anglone, 176 F.3d 249, 259 (4th Cir. 1999).

D.  Exclusion of evidence against one of the State's witnesses; Trial error in giving an erroneous jury instruction; and, Trial error in not admitting certain exhibits (Claims 3,5 and 6)

Petitioner raises three issues regarding evidence and jury instructions not admitted at trial. Specifically, he contends that the trial court erred in excluding evidence against one of the State's witnesses. Petitioner argues that he filed a complaint against Jim Ward with the Department of Social Services ("DSS") concerning the abuse of Ward's three-year-old granddaughter. It appears that petitioner wanted the trial court to admit this DSS complaint into evidence. Second, petitioner argues that the trial court gave an erroneous jury instruction, but he does not indicate which jury instruction or why it was erroneous. Lastly, petitioner asserts the trial court erred in failing to admit certain exhibits.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting federal habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Claims based on state court rulings regarding the admission and exclusion of evidence are cognizable on federal habeas review only when they violate specific constitutional provisions or are so egregious as to render the entire trial fundamentally unfair, thus violating the Due Process Clause of the Fourteenth Amendment. Id.; Howard v. Moore, 131 F.3d 399, 415 n.18 (4th Cir. 1997); Spender v. Murray, 5 F.3d 758, 762 (4th Cir. 1993). Petitioner fails to show that the evidence, exhibits, or the jury instruction was excluded or given in violation of the Constitution or "'so infuse[] the trial with unfairness as to deny due process of law.'" Estelle, 502 U.S. at 75 (quoting Lisenba v. California, 314 U.S. 219, 228 (1941)).

E. <u>Trial error in denial of petitioner's motion to dismiss at the close of State's evidence</u>

Petitioner asserts error in that the trial court denied his motion to dismiss at the close of the State's evidence. A review of the procedural posture of this case at trial is necessary to determine this claim. Petitioner made a motion to dismiss at the close of the State's evidence. However, after presenting evidence on his own behalf, he failed to make the motion again at the close of all the evidence. To preserve a challenge to the sufficiency of the evidence on appeal he was required to make the motion to dismiss at the close of all the evidence. See N.C. R. App. P. 10(b)(3) (2007).

Petitioner raised the substance of this claim in his direct appeal. The North Carolina court of Appeals rejected the claim based on his failure to preserve the issue by failing to dismiss at the close of all the evidence. Hammond, 177 N.C. App, 630 S.E.2d, 2006 N.C. App. LEXIS 1143, at *8-*9 (citing N.C. R. App. P. 10(b)(3) ("However, if a defendant fails to move to dismiss the action or for judgment as in case on nonsuit at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged.")). This was an express application of the state-court contemporaneous objection rule baring federal habeas review. Howard v. Moore, 131 F.3d 399, 420 (4th Cir. 1997) ("Errors at trial not objected to, in contravention of State contemporaneous objection rules, are not cognizable in federal habeas corpus proceedings, absent a showing of cause for non-compliance and prejudice"). Petitioner does not allege any excuse for the default. See Coleman 501 U.S. at 750.

F. <u>Trial error in allowing petitioner to proceed at trial pro se</u>

Implicit in a criminal defendant's constitutional right to counsel under the United States Constitution's Sixth Amendment is the right to self-representation. Faretta v. California, 422

8

U.S. 806, 818-21 (1975). The assertion of a right to self-representation waives the right to counsel and as such the invocation of the right to self-representation must be "clearly and unequivocally declared." Id at 835. Like any other waiver of a constitutionally protected right, the waiver must be "knowing and voluntary." Godinez v. Moran, 509 U.S. 389, 400 (1993). Further, North Carolina law holds that "[w]hen a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary, unless the rest of the record indicates otherwise." State v. Warren, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986).

Before trial, petitioner signed a standard "Waiver of Counsel" form. At the trial and prior to proceeding with the trial, the trial judge again informed petitioner of his right to counsel and his right to appointed counsel. Tr. p. 5. The trial judge discussed the waiver form petitioner had previously signed and executed and that petitioner was appearing without counsel. Id. The trial judge informed petitioner that he had already tried his case once without counsel, before a jury which failed to reach a unanimous verdict ending in a mistrial, but that the trial judge would not be able to help him try his case. Id. He explained that petitioner would be held to the same standards of procedure and knowledge of evidence and that the court could not advise him as to the law. Id. He explained that an attorney would be helpful to petitioner and the court would urge him to have an attorney help try the case. Id. Petitioner then signed a second "Waiver of Counsel" form. The court found petitioner had a "full understanding of the procedure and the consequences of representing himself without counsel in a much as he has, in fact, already defended himself in the trial of this matter in the previous trial." Tr. p.7. Accordingly, the waiver was clear and unequivocal, knowing, and intelligent and the trial court's finding thereof was proper. The claim is meritless.

9

Accordingly, respondent's motion for summary judgment is ALLOWED and the matter is DISMISSED. Having so found, all other pending motions are DENIED as MOOT.

SO ORDERED, this 6 day of August 2008.

                         /s/ Terrence W. Boyle
                         TERRENCE W. BOYLE
                         UNITED STATES DISTRICT JUDGE